# EXHIBIT 1

(CIRCUIT/CHANCERY) COURT OF TENNESSEE
140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

ELECTRONICALLY FILED
2020 Jan 14 4 13 PM
CLERK OF COURT

## SUMMONS IN CIVIL ACTION

Docket No _0190-20_

☉ Lawsuit
○ Divorce

Ad Damnum $ _____

| ROCHELLE WILLIS | | EUREKA HOLDINGS, INC and EUREKA MULTIFAMILY GROUP, L P |
|---|---|---|
| | VS | |
| Plaintiff(s) | | Defendant(s) |

TO (Name and Address of Defendant (One defendant per summons))

EUREKA MULTIFAMILY GROUP, LP
c/o 2001 AGENCY CORPORATION
14160 DALLAS PARKWAY, SUITE 800
DALLAS, TEXAS 75254

Method of Service
○ Certified Mail
○ Shelby County Sheriff
○ Commissioner of Insurance ($)
○ Secretary of State ($)
○ Other TN County Sheriff ($)
☉ Private Process Server
○ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and

serving a copy of your answer to the Complaint on Allen Gressett, Esq /Schwed, Adams & McGinley Plaintiff's

attorney, whose address is 50 N Front Street, Suite 640, Memphis, TN 38103

telephone (901) 313-3411        within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint

TEMIIKA D GIPSON, Clerk / DONNA RUSSELL, Clerk and Master

TESTED AND ISSUED _____    By _____, D C

## TO THE DEFENDANT

NOTICE, Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice

Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list Certain items are automatically exempt by law and do not need to be listed These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books Should any of these items be seized, you would have the right to recover them If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, TEMIIKA D GIPSON / DONNA RUSSELL , Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

_____ 20__

TEMIIKA D GIPSON , Clerk / DONNA RUSSELL, Clerk and Master    By _____, D C

### RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS

By delivering on the ___31___ day of _January_ , 20_20_ at _3:15 P._ M a copy of the summons

and a copy of the Complaint to the following Defendant _Eureka multifamily Group,LP by serving_

at _Marilyn Brannan at 14160 Dallas Pkwy Suite 600 Dallas Tx 75254_
_(authorized agent)_

By _see attached._

_____
Signature of person accepting service

Sheriff or other authorized person to serve process

---

### RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s) _____

This _____ day of _____ , 20_____

By. _____
Sheriff or other authorized person to serve process



**The Shelby County, Tennessee Circuit Court**

**Case Style**       ROCHELLE WILLIS VS EUREKA HOLDINGS INC

**Case Number:**      CT-0190-20

**Type:**          SUMMONS ISSD TO MISC

David Smith, DC

Electronically signed on 01/15/2020 08 00 14 AM

AFFIDAVIT OF SERVICE OF PROCESS
STATE OF TENNESSEE
COUNTY OF SHELBY
CIRCUIT COURT

I, _Stephen C Buskirk_ , first being duly sworn, make oath as follows:

| | |
|---|---|
| Documents: | Summons, Complaint, Propunding Interrogatories and Requests for Production of Documents |
| Docket Number: | CT-0190-20 |
| Plaintiff(s): | Rochelle Willis |
| Defendant(s): | Eureka Holdings, Inc and Eureka Multifamily Group, L.P. |
| Subject(s): | Eureka Multifamily Group, L.P. c/o 2001 Agency Corporation |

Date & Time of Svc(s): _1-31-2020  3:15 pm_

Address of Service(s): _14160 Dallas Pkwy, Ste 800 Dallas, TX, 75254_
_Corp. Service-Reg. Agent -2001 Agency Corp._

Manner of Service(s).  Served _Marilyn Brannan- Auth. Agent_
Name/Title

The above indicated document(s) have/has been served in compliance with the laws
of the State and the Rules of the courts.

_Stephen C Buskirk PSC1987_
_Stephen C Buskirk Exp. 4-30-2020_

Private Process Server
PO Box 343058
Bartlett, TN 38184
(901) 388-7113

Sworn and subscribed to before me this _3rd_ day of _February_ , 2020

_Sunny Buskirk_
Notary Public

My Commission Expires: _3/24/2020_

SUNNY BUSKIRK
My Notary ID # 126457653
Expires March 24, 2020

ELECTRONICALLY FILED
2020 Jan 14 4:13 PM
CLERK OF COURT

IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

ROCHELLE WILLIS,

     Plaintiff,

vs.

EUREKA HOLDINGS, INC. and      Cause No:
EUREKA MULTIFAMILY GROUP, L.P.,    Div.:
                                   Jury Demanded
     Defendants.

## COMPLAINT

**COMES NOW** the Plaintiff, Rochelle Willis, and would show unto the Court as follows:

### I.

That your Plaintiff is a resident citizen of Shelby County, Tennessee; that your Defendant, Eureka Holdings, Inc. is a foreign corporation conducting business in the State of Tennessee; that your Defendant, Eureka Multifamily Group, L.P., is a foreign limited partnership conducting business in the State of Tennessee.

### II.

That on or about February 8, 2019, Plaintiff, Rochelle Willis, was an invitee of the residential apartment in the care of the Defendants, Eureka Holdings, Inc. and/or Eureka Multifamily Group, L.P., located at 2461 Hillview East in Memphis, Shelby County, Tennessee. That Plaintiff, while walking through the apartment, suddenly and without warning, tripped on a transition strip between the tile and carpet which was not properly installed creating a hazardous condition and fell causing serious injury to your Plaintiff.

## III.

At all times material to this Complaint, the Defendants, Eureka Holdings, Inc. and/or Eureka Multifamily Group, L.P., had exclusive control of the property in question and had a duty to maintain the premises in a safe condition.

1.      The Defendants had a duty to inspect the premises regularly to prevent and/or discover any dangerous conditions or objects, to warn invitees of the existence of such conditions and/or to correct such conditions promptly.

2.      The Defendants had actual or constructive notice of the dangerous condition on and about the premises which caused Plaintiff to suffer her injuries.

3.      The Defendants were guilty of negligence in that they failed to maintain the premises and ensure same was in a safe condition; failed to inspect the premises on a timely basis; failed to prevent or discovery the dangerous condition and/or objects which caused Plaintiff's injury; failed to warn invitees, including Plaintiff, of the dangerous condition and/or objects; and failed to correct the dangerous condition in a timely manner.

4.      The Defendants were further guilty of negligence in that they failed to post sufficient and adequate warning signs as to the danger therein, so as to create an inherently dangerous situation for invitees attempting to use the premises.

5.      That the Defendants are guilty of negligence in allowing an unsafe condition to exist on the premises without maintenance and/or treatment of said condition.  Said condition having existed for a period of time that your Defendants knew or should have known of the dangerous condition and had not taken adequate precautions to remedy the area of said dangerous condition. That your Plaintiff's injuries and damages were the direct and proximate result of the negligence of the Defendants in creating and failing to remedy said dangerous and defective condition.

IV.

As a direct and proximate result of the negligence of the Defendants, and resulting accident, the Plaintiff, Rochelle Willis, suffered serious, painful and permanent injuries, and mental anguish; Plaintiff incurred doctor, medical, hospital and other bills in an effort to cure said injuries and will in the future incur such expenses; Plaintiff's capacity for pleasure, business, work and the enjoyment of life have been impaired.

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFF RESPECTFULLY PRAYS:**

1.  That proper process issue against the Defendants requiring them to plead and answer.

2.  That Plaintiff, Rochelle Willis, be awarded compensatory damages in the amount of TWO HUNDRED FIFTY THOUSAND and 00/100 ($250,000.00) DOLLARS.

3.  That the Plaintiff be granted whatever other relief, general or specific, this Court deems equitable and just.

4.  Plaintiff demands a Jury to try these issues when joined.

Respectfully submitted this 14 day of January, 2020.

By:_____
Allen Gressett, Esq. (#29187)
Schwed, Adams & McGinley, P.A.
50 N. Front Street, Suite 640
Memphis, Tennessee 38103
Telephone: (901) 313-3411
Facsimile: (901) 577-1400

SCHWED, ADAMS & MCGINLEY, P.A. is surety for the court costs of this cause.

_____
SCHWED, ADAMS & MCGINLEY, P.A.

3

**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

ELECTRONICALLY FILED
2020 Jan 14 4:13 PM
CLERK OF COURT

## SUMMONS IN CIVIL ACTION

Docket No. _____

( ) Lawsuit
( ) Divorce

Ad Damnum $ _____

| | | |
|---|---|---|
| ROCHELLE WILLIS | VS | EUREKA HOLDINGS, INC. and EUREKA MULTIFAMILY GROUP, L.P. |
| Plaintiff(s) | | Defendant(s) |

TO: (Name and Address of Defendant (One defendant per summons))

EUREKA HOLDINGS, INC.
c/o 2001 AGENCY CORPORATION
14160 DALLAS PARKWAY, SUITE 800
DALLAS, TEXAS 75254

Method of Service:
( ) Certified Mail
( ) Shelby County Sheriff
( ) Commissioner of Insurance ($)
( ) Secretary of State ($)
( ) Other TN County Sheriff ($)
(●) Private Process Server
( ) Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and

serving a copy of your answer to the Complaint on Allen Gressett, Esq./Schwed, Adams & McGinley Plaintiff's

attorney, whose address is 50 N Front Street, Suite 640, Memphis, TN 38103

telephone (901) 313-3411 within THIRTY (30) DAYS after this summons has been served upon you, not including the day
of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TEMIIKA D. GIPSON, Clerk / DONNA RUSSELL, Clerk and Master

TESTED AND ISSUED _____ By _____, D.C.

### TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment
should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish
to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless
it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain
items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and
your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these
items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek
the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE <u>ONLY</u>, CALL (901) 222-2341

I, TEMIIKA D. GIPSON / DONNA RUSSELL , Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

_____ 20__

TEMIIKA D. GIPSON , Clerk / DONNA RUSSELL, Clerk and Master By: _____, D.C.

RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____day of _____, 20_____at _____M. a copy of the summons

and a copy of the Complaint to the following Defendant _____

at _____

_____              By: _____
Signature of person accepting service                                            Sheriff or other authorized person to serve process

---

RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____day of _____, 20_____.

By: _____
Sheriff or other authorized person to serve process



**The Shelby County, Tennessee Circuit Court**

**Case Style:**        ROCHELLE WILLIS VS EUREKA HOLDINGS INC

**Case Number:**    CT-0190-20

**Type:**                 SUMMONS ISSD TO MISC



David Smith, DC

Electronically signed on 01/15/2020 08:00:14 AM

ELECTRONICALLY FILED
2020 Jan 14 4:13 PM
CLERK OF COURT

**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

## SUMMONS IN CIVIL ACTION

Docket No. _____     ( ●) Lawsuit   ( ) Divorce     Ad Damnum $ _____

| ROCHELLE WILLIS | VS | EUREKA HOLDINGS, INC. and EUREKA MULTIFAMILY GROUP, L.P. |
|---|---|---|
| Plaintiff(s) | | Defendant(s) |

TO: (Name and Address of Defendant (One defendant per summons))

EUREKA MULTIFAMILY GROUP, L.P.
c/o 2001 AGENCY CORPORATION
14160 DALLAS PARKWAY, SUITE 800
DALLAS, TEXAS 75254

Method of Service:
( ) Certified Mail
( ) Shelby County Sheriff
( ) Commissioner of Insurance ($)
( ) Secretary of State ($)
( ) Other TN County Sheriff ($)
( ●) Private Process Server
( ) Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and

serving a copy of your answer to the Complaint on Allen Gressett, Esq./Schwed, Adams & McGinley Plaintiff's

attorney, whose address is 50 N Front Street, Suite 640, Memphis, TN 38103

telephone (901) 313-3411                within THIRTY (30) DAYS after this summons has been served upon you, not including the day
of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TEMIIKA D. GIPSON, Clerk / DONNA RUSSELL, Clerk and Master

TESTED AND ISSUED _____     By _____, D.C.

TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment
should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish
to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless
it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain
items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and
your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these
items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek
the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE <u>ONLY</u>, CALL (901) 222-2341

I, TEMIIKA D. GIPSON / DONNA RUSSELL , Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

_____ 20__

TEMIIKA D. GIPSON , Clerk / DONNA RUSSELL, Clerk and Master     By: _____, D.C.

RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20_____ at _____ M. a copy of the summons

and a copy of the Complaint to the following Defendant _____

at _____

_____          By: _____
Signature of person accepting service                                              Sheriff or other authorized person to serve process

RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

                                                                      By: _____
                                                                            Sheriff or other authorized person to serve process



**The Shelby County, Tennessee Circuit Court**

**Case Style:**        ROCHELLE WILLIS VS EUREKA HOLDINGS INC

**Case Number:**     CT-0190-20

**Type:**                SUMMONS ISSD TO MISC



David Smith, DC

Electronically signed on 01/15/2020 08:00:14 AM

ELECTRONICALLY FILED
2020 Jan 14 4:13 PM
CLERK OF COURT

IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

ROCHELLE WILLIS,

     Plaintiff,

vs.

EUREKA HOLDINGS, INC. and EUREKA     Case No:
MULTIFAMILY GROUP, L.P.,     Div.:
     Jury Demanded

     Defendants.

---

## NOTICE OF PROPOUNDING INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT, EUREKA HOLDINGS, INC.

COMES NOW the plaintiff, ROCHELLE WILLIS, by and through the undersigned counsel, and propound the following Interrogatories and Requests for Production to be answered by defendant, EUREKA HOLDINGS, INC., under oath and in writing within forty five (45) days after service hereof as provided by Tennessee Rules of Civil Procedure 33 & 34.

By:_____
     Allen Gressett, Esq. (29187)
     Attorney Email:  agressett@schwedlawfirm.com
     Attorneys for plaintiff
     Schwed, Adams & McGinley, P.A.
     50 N. Front Street, Suite 640
     Memphis, Tennessee  38103
     Telephone:  (901) 313-3411
     Facsimile:  (901) 577-1400

Willis, Rochelle v. Eureka Holdings, Inc. and Eureka Multifamily Group, L.P.
Plaintiff's Interrogatories and Requests for Production to Defendant, Eureka Holdings, Inc.
Page 2 of 14

## CERTIFICATE OF SERVICE

I, Allen Gressett, do hereby certify that a true and correct copy of the foregoing has been sent for service with the Complaint.

_____
ALLEN GRESSETT, ESQ.

Willis, Rochelle v. Eureka Holdings, Inc. and Eureka Multifamily Group, L.P.
Plaintiff's Interrogatories and Requests for Production to Defendant, Eureka Holdings, Inc.
Page 3 of 14

<u>DEFINITIONS</u>

1.   The term "document" or "documents" shall mean any written, typed, printed, recorded,

or graphic matter, however produced or reproduced, of any type of description, regardless of

origin or location, in your actual or constructive possession, custody or control. And whether

prepared, published, or recorded by your or any other person or entity, including without

limitation all correspondence, records, tables, charts, analyses, graphs, videotapes, photographs,

schedules, films, reports, slides, negatives, audiotapes, memoranda, notes lists, calendars,

telexes, messages (including but not limited to, reports of telephone conversations and

conferences, studies, books, periodicals, magazines, booklets, circulars, bulletins, inter-office

communications, questionnaires, contracts, agreements, assignments, licenses, certificates,

permits, ledgers, books of account, accounting and financial records, orders, invoices,

statements, acknowledgments, bills, bills of lading, data processing cards, generated matter,

photographs, photographic negatives, phonographic records, transcripts or logs of recordings, all

other data compilations from which data can be obtained or translated, reports and/or summaries

of investigations, expressions or statements of policy, opinion or reports of consultants, lists of

persons attending meetings, drafts and revisions of drafts of any documents, invoices, receipts

and/or preliminary notes), or any other situation in which thoughts and/or ideas are recorded in

any form whatsoever.  If a document has been prepared and several copies or additional copies

have been made, or copies are not identical (by reason of subsequent modification, by the

addition of notations or other marginalia) each non-identical copy is a subsequent document.

2.   "Identify," used with respect to documents means that you are required, for each and

every document, to:

Willis, Rochelle v. Eureka Holdings, Inc. and Eureka Multifamily Group, L.P.
Plaintiff's Interrogatories and Requests for Production to Defendant, Eureka Holdings, Inc.
Page 4 of 14

(a)     state the exact name and title by which you refer to it; (b) state the date of the document and all of its serial or identifying numbers, if any; (c) identify, by providing all of the information required by Definition No. 3, each and every person who wrote, signed, initialed, dictated or otherwise participated in the creation of the document; (d) state its general subject matter; (e) state the current location of the document and identify, by providing all information required by Definition No. 3, the present custodian of the document; (f) identify, by providing all of the information required by Definition No. 3, each and every addressee, if any, of the document or any copy of the document.

3.     "Identify," when used in reference to persons means that you are required to state the name and last known business and residence address, and, if other than natural persons, the full name and address of the entity.

4.     "Person" or "persons" shall mean all entities of every description and includes any natural person, corporation, partnership, association, company, estate, trust, group, organization, business, public governmental entity, private governmental agency, and/or any other entity of any type or kind whatsoever whether recognized in law, fact, or otherwise.

5.     "You" or "your" shall mean EUREKA HOLDINGS, INC.'s, as well as all representatives and other persons acting on behalf of EUREKA HOLDINGS, INC., including but not limited to all agents and attorneys.

6.     Use of the present tense in this document includes the past and future tenses, use of singular form includes the plural form and use of the masculine form include the feminine form and vice-a-versa.

Willis, Rochelle v. Eureka Holdings, Inc. and Eureka Multifamily Group, L.P.
Plaintiff's Interrogatories and Requests for Production to Defendant, Eureka Holdings, Inc.
Page 5 of 14

      7.    "Our" and/or "ours" shall mean ROCHELLE WILLIS's, as well as all representatives and other persons acting on behalf of ROCHELLE WILLIS, including but not limited to all agents and attorneys.

Willis, Rochelle v. Eureka Holdings, Inc. and Eureka Multifamily Group, L.P.
Plaintiff's Interrogatories and Requests for Production to Defendant, Eureka Holdings, Inc.
Page 6 of 14

## <u>PLAINTIFF'S INTERROGATORIES TO DEFENDANT, EUREKA HOLDINGS, INC.</u>

(If answering for another person or entity, answer with respect to that person or entity, unless otherwise stated.)

1.   What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

2.   Please state whether the entity named as the Defendant in the Complaint had ownership, possession and/or control of the premises described in the Complaint at the time of the incident described in the Complaint.  If not, please identify the person or entity who did have ownership, possession and/or control at the time of the incident described in the Complaint.

3.   Describe any and all policies of insurance which you contend cover or may cover the Defendant named in the Complaint for the allegations set forth in plaintiff's Complaint, detailing as to such policies the name of the insurer, the number of the policy, the effective dates of the policy, the available limits of liability, and the name and address of the custodian of the policy.

4.   Describe in detail how the incident described in the Complaint happened, including all actions taken by you to prevent the incident.

5.   Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question.

Willis, Rochelle v. Eureka Holdings, Inc. and Eureka Multifamily Group, L.P.
Plaintiff's Interrogatories and Requests for Production to Defendant, Eureka Holdings, Inc.
Page 7 of 14

6.      State the facts upon which you rely for each affirmative defense in your answer.

7.      Do you contend any person or entity other than you is, or may be, liable in whole or part for the claims asserted against you in this lawsuit? If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person or entity of your contention.

8.      Were you charged with any violation of law (including any regulations or ordinances) arising out of the incident described in the Complaint? If so, what was the nature of the charge; what plea or answer, if any, did you enter to the charge; what court or agency heard the charge; was any written report prepared by anyone regarding the charge, and, if so, what is the name and address of the person or entity who prepared the report; do you have a copy of the report; and was the testimony at any trial, hearing, or other proceeding on the charge recorded in any manner, and, if so, what is the name and address of the person who recorded the testimony?

9.      List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

10.      Specify all persons whom you intend to call as a witness at the trial of this matter, including any persons named in your response to Interrogatory No. 9.

Willis, Rochelle v. Eureka Holdings, Inc. and Eureka Multifamily Group, L.P.
Plaintiff's Interrogatories and Requests for Production to Defendant, Eureka Holdings, Inc.
Page 8 of 14

11.     Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

12.     State the name and address of every person known to you, your agents, or your attorneys who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

13.     Do you intend to call any expert witnesses at the trial of this case? If so, state as to each such witness the name and business address of the witness, the witness's qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.

14.     Have you made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case? If so, state the terms of the agreement and the parties to it.

15.     Please state if within the past ten years, you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter involving an incident involving personal

Willis, Rochelle v. Eureka Holdings, Inc. and Eureka Multifamily Group, L.P.
Plaintiff's Interrogatories and Requests for Production to Defendant, Eureka Holdings, Inc.
Page 9 of 14

injury, and, if so, state whether you were plaintiff or defendant, the nature of the action, and the date and court in which such suit was filed.

16.     Please state whether any report was prepared concerning the incident described in the Complaint.  If so, please set forth with respect to the report: who prepared it; when it was prepared; the nature of the information contained in the report; what was done with the report after it was prepared; and who has custody of the report at this time.

17.     Please describe all procedures implemented by the Defendant both before and after this incident to prevent slip and fall incidents on their premises.  For each such procedure, please set forth the date such procedure was implemented and whether such procedure was followed on the date of the incident at the branch described in the Complaint.

18.     Please list the dates of all surveillance taken, the name of the person who performed the surveillance, and the name and address of the company for whom he works.

19.     Are you aware of any other claims for personal injury or property damage made by the Plaintiff(s)?  If so, please state:

(a.)     The nature of the claim (Auto accident, slip and fall, etc.)

Willis, Rochelle v. Eureka Holdings, Inc. and Eureka Multifamily Group, L.P.
Plaintiff's Interrogatories and Requests for Production to Defendant, Eureka Holdings, Inc.
Page 10 of 14

(b.)    The name, address and claim of any insurance carrier against whom the

claim was made (auto liability carrier, premises liability carrier, uninsured motorist

carrier, etc.)

(c.)    The names and addresses of ALL health care providers who treated or

examined the Plaintiff(s).

(d.)    The part(s) of the body that were claimed to be injured.

20.    The name and address of all employees/ managers depicted in the video requested

in Request to Produce number 12 served in these interrogatories together with a brief description

of the employee/ manager and the time of the video when they first appear.

Willis, Rochelle v. Eureka Holdings, Inc. and Eureka Multifamily Group, L.P.
Plaintiff's Interrogatories and Requests for Production to Defendant, Eureka Holdings, Inc.
Page 11 of 14

_____

On behalf of Eureka Holdings, Inc.

_____

Print Name and Title

STATE OF TENNESSEE      )
                        )SS:
COUNTY OF_____)

    THE FOREGOING INSTRUMENT was acknowledged before me this _____ day of

_____, 20__, by _____, who is personally

known to me or who has produced _____ as identification and

who did/did not take an oath.

_____

NOTARY PUBLIC
State of Tennessee at Large

_____

Name of Notary Public - typed, printed or
stamped

(Seal)

Willis, Rochelle v. Eureka Holdings, Inc. and Eureka Multifamily Group, L.P.
Plaintiff's Interrogatories and Requests for Production to Defendant, Eureka Holdings, Inc.
Page 12 of 14

## PLAINTIFF'S REQUESTS FOR PRODUCTION

1.      Any and all **color** copies of photographs taken of the scene of the incident. **Please indicate in your response if color photographs do not exist. If color photographs do exist, black and white photographs will not be sufficient in responding to this request.**


2.      Any and all **color** copies of photographs of the Plaintiff. **Please indicate in your response if color photographs do not exist. If color photographs do exist, black and white photographs will not be sufficient in responding to this request.**


3.      Any and all writings documenting the incident including any reports, notes, diaries, or other written documents.


4.      A copy of the Defendant's policy of insurance.


5.      Any and all surveillance of Plaintiff.


6.      Any and all documents reflecting Defendant's procedures designed to prevent incidents such as the one described in the complaint.


7.      Any and all documents reflecting floor cleaning, maintenance, inspections, or warnings on the date of the incident.

Willis, Rochelle v. Eureka Holdings, Inc. and Eureka Multifamily Group, L.P.
Plaintiff's Interrogatories and Requests for Production to Defendant, Eureka Holdings, Inc.
Page 13 of 14

8.      Any and all medical records of the Plaintiff.  Please note that this is an ongoing Request and Defendant has a duty to supplement this answer as soon as additional records or information is gathered.

9.      Any and all documents identifying any employees of the Defendant who were present at the time of the incident.

10.     Any and all statements of Plaintiff whether written or recorded including any notes purporting to document statements by Plaintiff.

11.     Any and all statements of any witnesses whether written or recorded including any notes purporting to document statements by any witnesses.

12.     Any and all video recordings of:

   a.      The Plaintiff anywhere on the premises (inside or outside) on the day of the incident.

   b.      The scene of the incident for one (1) hour before the incident to one (1) hour after the incident.

13.     All medical records, reports, or bills concerning the Plaintiff whether for this incident or for any other incident or reason.

Willis, Rochelle v. Eureka Holdings, Inc. and Eureka Multifamily Group, L.P.
Plaintiff's Interrogatories and Requests for Production to Defendant, Eureka Holdings, Inc.
Page 14 of 14

    14.    All records and/or items regarding any other claims including claims for tangible

or intangible damages made by the Plaintiff.